CHARLES W. WING *vs.* WILLIAM E. EGINTON.

Third Judicial District, Bridgeport, October Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

Although one is driving an automobile on his own side of the road he is nevertheless bound to exercise reasonable care to avoid a collision with an automobile approaching from the opposite direction; but whether he should have turned out still further in a given case cannot be determined as matter of law; that must depend upon what an ordinarily prudent man would have done under like circumstances,—a question properly submitted to the jury.

Argued October 25th, 1917—decided January 3d, 1918.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County and tried to the jury before *Gager, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

*Charles S. Hamilton,* for the appellant (plaintiff).

*Arthur B. O'Keefe,* with whom was *William C. Mueller* and, on the brief, *David E. FitzGerald,* for the appellee (defendant).

SHUMWAY, J. The plaintiff in his complaint stated, and upon the trial attempted to prove, this case: That between the hours of ten and eleven o'clock in the evening of November 13th, 1915, the plaintiff, while a passenger in an automobile on a public highway in the village of Montowese, was thrown out and injured. The plaintiff had no part in the operation of the automobile in which he was riding, and which at the time named was proceeding in a southerly direction. At the same time and place the defendant was operating an automobile going in a northerly direction, and was driving recklessly, and as he approached the automobile in which the plaintiff was riding he, the defendant, suddenly "slewed" and turned his automobile to his left, and so brought it upon his left side of the highway, and without any signal or other warning, drove his machine against the one in which the plaintiff was riding, whereby the latter automobile was overturned severely injuring the plaintiff.

The defendant's answer was a denial of the material allegations of the complaint.

Upon the trial to the jury the issues were found in favor of the defendant.

The evidence upon the trial as to the cause and place of the accident was contradictory. The evidence of the plaintiff was to the effect that the collision between the two automobiles occurred upon his right side of the highway; that there was sufficient room for the defendant to pass upon the plaintiff's left, and that the accident was caused by reason of the defendant's failure to drive his car upon his right side of the highway. It appears that the highway at the place of the accident runs nearly north and south. It was improved or macadamized about twenty feet in width, and on the easterly side of the way were located the railroad

tracks of the Connecticut Company, the cars of which are driven by electricity.

The defendant offered evidence tending to prove that the collision between the automobiles occurred on the easterly side of the highway. The defendant testified that he turned his automobile to the extreme easterly side, and that the right-hand wheels of his machine had passed off the improved highway and were passing along some six inches easterly of the westerly rail, and that he was struck by the other automobile in that position. The defendant testified on cross-examination that he should think that the distance between the rails might have been four feet and six or eight inches, and that he could have turned his automobile four feet further to his right before reaching the easterly rails. This cross-examination of the defendant is made a part of the record on the plaintiff's motion to correct and add to the finding.

During the argument on the trial, counsel for the plaintiff orally requested the court to charge the jury as follows: "That if the defendant saw or knew, or, by the exercise of reasonable care on his part, ought to have known, that the automobile in which the plaintiff was riding was in a position of danger, and that, if it kept on, there apparently would be a collision between the automobile of the defendant and that in which the plaintiff was riding, it was the duty of the defendant to turn out as far as he could on the highway to allow the other automobile to pass, and to use all reasonable efforts on his part in proportion to the danger and the surrounding circumstances to avoid a collision, and that, if he did not do so, he was liable, notwithstanding the fact that the driver of the vehicle in which the plaintiff was sitting had originally placed that vehicle . . . in a position of danger."

Assuming that this request correctly stated the law,

there was no occasion for, or propriety in, its application by the jury, unless they should find that the collision did not occur in the manner and place as the plaintiff had alleged and attempted to prove, and that it did occur where and as the defendant claimed. A pertinent inquiry may be made whether, in view of the right of the defendant to know the case which he is called upon to defend, the plaintiff would be permitted to recover upon a state of facts which are nowhere alleged; but that question is not raised here. However, the evidence offered by the defendant tended to show that the vehicle in which the plaintiff was riding was seen by the defendant coming toward him on the side of the highway, on the defendant's right hand, and where the defendant, observing the law of the road, was properly driving his car. He saw the oncoming vehicle, as he expressed it, "zigzagging," that is, making frequent sharp turns, and he drove his machine to the easterly side of the highway and his right-hand wheels between the trolley tracks, leaving nearly the whole width of the highway unobstructed, and while his car was going very slowly the other automobile came in collision with his, and tore off the tire and rim of the left front wheel. Whether it would have been the defendant's duty to have turned his car further to the right, would depend, probably in this very case, upon so many conditions, or facts, which do not appear in the record, that it is not possible to determine just what the defendant's duty was, any further than he would be bound to use reasonable care.

But the court did comply with the plaintiff's request in substance. Quoting from the charge: "The plaintiff makes one further claim, based upon the theory that you may conclude that it [the collision] did not happen where the plaintiff says it happened, but happened on the other side of the road where the plain-

tiff's machine had no business to have been. And the plaintiff has claimed to you in argument, that as those machines came towards each other, the defendant had opportunity and notice, and that it was his duty to make a further turn to the right, and that if he had done that he could have avoided the injury. And the rule of law perhaps is fairly enough stated in this way: 'that if the defendant, after seeing the danger of the plaintiff—no matter how the plaintiff got into it—could, in the exercise of reasonable care, have turned further and so have avoided the injury, it was his duty to do so.' That I suppose is the law fast enough, as the plaintiff orally requested me to say to you. That is, it is an application of the general principle that, even although another man be careless, it won't do for you to continue being careless if you have a chance to be otherwise. . . . And the plaintiff claims that if it did not happen as his witnesses swear it did, and did happen somewhere else, that still the defendant could have prevented it if he had swung over into the trolley track further. . . . Where the standard is reasonable care, the conduct of these men . . . has got to be considered and interpreted with reference to the situation as it existed and the time and means of observation."

After the jury had retired to consider the case, they returned into court and requested further instruction upon this very point, and the court again repeated what it had already said. The question asked by the jury was: "Whether the defendant, when, as claimed, he was running his right wheel six or more inches on the left-hand trolley track, and when certain that a collision was evident, was he obliged by law to turn further to the right . . . onto the trolley track?" The court said in part: "As it strikes me now I do not think it is capable of being answered as a proposi-

tion of law, but it is a question of the discretion of the ordinarily prudent man with the picture as it existed in his eyes at the time."

The plaintiff's complaint as to the whole charge is not well founded. The court charged the jury that the negligence of the driver of the car in which the plaintiff was riding could not be imputed to the plaintiff, and virtually instructed them that there was no evidence to justify a finding that his own negligence contributed to his injury. Some of the passages taken from the charge claimed to be erroneous are only a statement by the court of the claims of the parties, involving no question of law, and there is nothing to show that the claims were not correctly stated.

The decisive question of fact upon the plaintiff's case was where and how the injuries were received, and this was fairly submitted to the jury.

There is no error.

In this opinion the other judges concurred.